# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KYU Y. ANDERSON, <br><br> Plaintiff, <br><br> v. <br><br> LAW OFFICES OF IRA T. NEVEL, LLC <br><br> Defendants. | Case No. 16-cv-10487 <br><br> Judge John Robert Blakey |

# MEMORANDUM OPINION AND ORDER

Plaintiff Kyu Y. Anderson ("Plaintiff") alleges that Defendant Law Offices of Ira T. Nevel, LLC ("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA") by threatening to seek an *in personam* judgment against Plaintiff during the pendency of Plaintiff's bankruptcy. Defendant insists that its actions were explicitly authorized by a prior order of the bankruptcy court, and now seeks to dismiss Plaintiff's claim. For the reasons explained below, Defendant's motion is granted.

## I. Background[1]

On April 1, 2015, U.S. Bank National Association, as Trustee and successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America

---

[1] This section is based upon Plaintiff's Complaint, [1] at 1-15, and certain filings contained in the public record. *See 520 S. Michigan Ave. Assocs., Ltd. v. Shannon*, 549 F.3d 1119, 1138 (7th Cir. 2008) (A court "may take judicial notice" of "documents contained in the public record" without "converting a motion to dismiss into a motion for summary judgment.").

Funding Corporation Mortgage Pass-Through Certificates, Series 2004-D ("U.S. Bank") initiated a foreclosure action on Plaintiff's property at 52 Brookston Drive, Unit D1, Schaumburg, Illinois 60193 (the "Property"). [1] at 1. On May 2, 2016, the Property was sold at judicial sale to U.S. Bank. *Id.*

Plaintiff initiated a Chapter 13 bankruptcy action on May 27, 2016. *See In re Kyu Y. Anderson*, 16-bk-40950, Dkt. 1 (Bankr. E.D. Tex.). Plaintiff listed U.S. Bank on his bankruptcy schedules. [1] at 2.

On August 19, 2016, NationStar Mortgage, LLC, servicing agent for U.S. Bank, filed a Motion for Relief from Stay of Act Against Property and Relief from Codebtor Stay (the "Motion for Relief"). *See In re Kyu Y. Anderson*, 16-bk-40950, Dkt. 28 (Bankr. E.D. Tex.). The Motion for Relief explained that: (1) U.S. Bank is the holder of the Note on the Property; (2) U.S. Bank has not received payments due on the Note; (3) and, most importantly, U.S. Bank now "seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and from the codebtor stay pursuant to 11 U.S.C. § 1301(c)." *Id.* U.S. Bank also "specifically request[ed] permission from this Honorable Court to communicate with Debtor(s) and Debtor(s)' counsel to the extent necessary to comply with applicable non-bankruptcy law." *Id.* The Motion for Relief was unopposed. *See generally In re Kyu Y. Anderson*, 16-bk-40950 (Bankr. E.D. Tex.).

On September 6, 2016, United States Bankruptcy Judge Brenda Rhoades granted the Motion for Relief (the "September 6 Order"). [11] at Ex. A. The September 6 Order specifically provided as follows:

> IT IS **THEREFORE ORDERED** that the Motion for Relief from Stay of Act Against Property and Relief from Codebtor Stay filed by Movant on August 19, 2016, is hereby **GRANTED** so as to authorize Movant, its successors and/or assigns, *to exercise any rights granted to it by the parties' loan documents* with respect to the real property located at 52 Brookston Drive Dl, Schaumburg, Illinois 60193 including, but not limited to, the execution of a non-judicial foreclosure sale of the Property.

*Id.* (emphasis added).

On October 4, 2016, U.S. Bank, by and through Defendant, filed a Notice of Motion in the Circuit Court of Cook County (the "October 4 Notice"). [1-3] at 1. The October 4 Notice reflected that Defendant intended to move for "an order approving the May 2, 2016 sale, for an *in personam* judgment against Kyu Y. Anderson in the amount of $37,184.20, and to grant an order for possession against the Defendants," including Mr. Anderson. *Id.* The October 4 Notice was eventually withdrawn on October 19, 2016. [11] at Ex. C.

## II. Legal Standard

To survive Defendant's motion under Federal Rule of Civil Procedure 12(b)(6), the Complaint must "state a claim to relief that is plausible on its face." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This Court must construe the Complaint in the light most favorable to Plaintiff, accept as true all well-pleaded facts, and draw all reasonable inferences in its favor. *Id.*; *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of

law, however, need not be accepted as true. *Yeftich*, 722 F.3d at 915. Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice," which includes information contained in the public record. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

### III. Analysis

Plaintiff's only claim for relief alleges that the October 4 Notice constituted a violation of both the automatic stay imposed by 11 U.S.C. § 362(a) and 15 U.S.C. § 1692e(5) of the FDCPA, which provides that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . The threat to take any action that cannot legally be taken or that is not intended to be taken.

Defendant argues that Plaintiff's FDCPA claim is fatally flawed, because the relief contemplated by the October 4 Notice was explicitly authorized by the September 6 Order, such that the October 4 Notice cannot constitute a "threat to take any action that cannot be legally taken." 15 U.S.C. § 1692e(5).[2]

---

[2] Defendant also seeks sanctions under Federal Rule of Civil Procedure 11. Defendant's request for sanctions is denied, as Defendant has failed to pursue this relief via separate motion as required under the Rule.

Plaintiff conversely insists that his claim is viable insofar as Defendant's reference in the October 4 Notice to an *in personam* judgment "exceed[ed] the scope of the relief from the automatic stay" contained in the September 6 Order. [16] at 5.

Plaintiff's argument, however, remains inconsistent with the broad, permissive language of the September 6 Order. United States Bankruptcy Judge Brenda Rhoades explicitly authorized U.S. Bank to "exercise any rights granted to it by the parties' loan documents." *See supra* at 2. The October 4 Notice represents an unambiguous attempt to exercise the rights conferred by these same loan documents, consistent with the letter and spirit of Judge Rhoades' instruction. Accordingly, the October 4 Notice was not a "threat to take any action that cannot legally be taken or that is not intended to be taken," and Plaintiff has no facially plausible claim under the FDCPA. 15 U.S.C. § 1692e(5).

## IV. Conclusion

Defendant's motion to dismiss [11] is granted. Civil case terminated.

Dated: February 9, 2017

Entered:

_____
John Robert Blakey
United States District Judge